# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cv-81352-ROSENBERG/HOPKINS

DARRYL DAVIS SEMINARS, INC.,
a New York corporation,

       Plaintiff,

v.

RESIDENTIAL WARRANTY SERVICES,
INC., an Indiana corporation, and NATHAN
THORNBERRY, individually,

       Defendants.

_____/

## AGREED ORDER GRANTING PLAINTIFF'S PERMANENT INJUNCTION

THIS CAUSE came before the Court upon Plaintiff Darryl Davis Seminars, Inc. and Defendants Residential Warranty Services, Inc. ("Residential"), and Nathan Thornberry's ("Thornberry", and together with Residential, collectively the "Defendants") stipulation of settlement.

The Court having reviewed the record, and being duly advised in the premises, makes the following Findings of Fact and Conclusions of Law:

1.      The Court has subject matter and personal jurisdiction over the Parties to this lawsuit.

2.      Venue is proper in this Court.

3.      The Parties have reached an amicable resolution of the lawsuit.

4.      This amicable resolution was reached for the sake of avoiding litigation and does not constitute an admission of wrongdoing by either party.

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that:

A.     A permanent injunction is hereby entered enjoining Defendants, their officers, agents, servants, employees, and/or all persons acting in privity or in concert or participation with them, or any of them, for the duration of the lawsuit from:

(a)     Directly or indirectly making any use related to educational services, namely, conducting real estate agent training seminars, and/or causing, aiding, abetting or contributing to the actions of others in using in relation to educational services, namely, conducting real estate agent training seminars:

i.     Any trademark which includes the words POWER and AGENT together or separated by other words, or which begins with the word POWER, or which is otherwise confusingly similar to Plaintiff's Mark and its associated designs and trade dress; and

ii.     Any advertisements or promotional materials or other items that are labeled with or contain trademark designs or trade dress prohibited in i. above; and

(b)     Directly or indirectly infringing Plaintiff's trademarks and/or trade dress;

(c)     Falsely claiming any affiliation with Plaintiff;

(d)     Engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Plaintiff's business reputation or weaken the distinctive quality of Plaintiff's Mark including but not limited to the misrepresentation that they are associated with Plaintiff;

(e)     Registering, using, or trafficking in any domain names that are identical or confusingly similar to Plaintiff's POWER AGENT mark, including but not limited

to domain names containing Plaintiff's mark and domain names containing misspellings of Plaintiff's mark; and

B.     Defendants remove the words "POWER AGENT" from the Internet and from all materials including advertisements, booklets, and flyers, price lists, labels, advertisements, brochures, catalogs, packaging materials and other materials within ten (10) days.

C.     Defendants shall also surrender to Plaintiff for destruction, any promotional materials in their possession that contain the terms prohibited above.

D.     Notwithstanding any restriction in this Order, Defendants may use the domain POWERAGENTCONFERENCE.NET to forward clicks to their new, unmasked domain (which means that the new domain shows on the browser page rather than the forwarding domain) for a period of six (6) months from the date of this order at which point they will take all reasonable and necessary steps to assign and effectuate the transfer of the domain POWERAGENTCONFERENCE.NET to Plaintiff's chosen account and its possession and control.

**DONE AND ORDERED** in Chambers in Fort Pierce, Florida this 17th day of January, 2018.

_____

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

3